UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LITTLE MANILA RISING, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>Defendants. | Case No. 24-cv-07768-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS, DENYING MOTION TO STAY, AND DENYING MOTION TO INTERVENE**<br><br>Re: Dkt. Nos. 14, 16, 24 |

Before the Court are Plaintiffs' motion to stay, Dkt. No. 16, Defendants' motion to dismiss, Dkt. No. 24, and San Joaquin Valley Unified Air Pollution Control District's motion to intervene, Dkt. No. 14. The Court finds all three matters appropriate for disposition without oral argument and deems them submitted. *See* Civil L.R. 7-1(b). The Court DENIES the motion to stay and GRANTS the motion to dismiss. The Court DISMISSES Plaintiffs' first claim for relief without prejudice. The Court also DENIES the motion to intervene without prejudice.

## I.   MOTION TO DISMISS AND MOTION TO STAY

### A.   Background

Plaintiffs Little Manila Rising, Medical Advocates for Healthy Air, and the Sierra Club (collectively "Plaintiffs") brought this action against Defendants United States Environmental Protection Agency ("EPA"), Michael Regan, former Administrator of the EPA, and Martha Guzman Aceves, Regional Administrator (collectively "Defendants") in November 2024. Dkt. No. 1 ("Compl."). Plaintiffs bring two claims under the Clean Air Act. *See id*. ¶¶ 74-87. Plaintiffs now move to stay their first claim, and Defendants move to dismiss it. *See* Dkt. Nos. 16, 24 ("MTD"). At this time, Defendants do not seek to dismiss Plaintiffs' second claim. MTD at 13. As such, the Court limits its factual summary to the undisputed facts relevant to the first

1  claim.

2        The first claim concerns the EPA's mandatory duty under Sections 179(c)(1) and 188(b)(2)

3  of the Clean Air Act to determine whether areas designated as previously having failed to attain air

4  quality standards ("nonattainment areas") have met air quality standards by a certain deadline

5  ("attainment date"). *See* Compl. ¶ 42 (citing 42 U.S.C. §§ 7509(c)(1), 7513(b)(2)). As relevant

6  here, the EPA designated the San Joaquin Valley region in California as a nonattainment area and

7  approved a December 31, 2023, attainment date for the region. *Id.* ¶¶ 52, 55; MTD at 11–12. Per

8  regulations, the EPA was then obligated to determine whether the San Joaquin Valley had attained

9  the applicable air quality standard by its attainment date within six months of the deadline, or by

10 no later than June 30, 2024. Compl. ¶ 42; MTD at 12.

11       In May 2024, California submitted a request to extend San Joaquin Valley's attainment

12 date for one year. Compl. ¶¶ 57–58; MTD at 12. In July 2024, the EPA proposed to grant the

13 extension. *See id.* Plaintiffs then sued Defendants in November 2024, alleging in their first claim

14 for relief that the EPA failed to fulfill its mandatory duty to make an attainment determination as

15 to the San Joaquin Valley by June 30, 2024. Compl. ¶¶ 76–78. The complaint asks the Court to

16 declare that Defendants violated this duty and order them to take final action on the attainment

17 determination by December 31, 2024. *See id.* at 14 ("Prayer for Relief") §§ A, B.

18       A few weeks later, the EPA published its final rule approving the extension of the San

19 Joaquin Valley attainment date to December 31, 2024. 89 Fed. Reg. 91263. That same day,

20 Plaintiffs filed a petition for review in the Ninth Circuit to challenge the extension and sought to

21 stay the extension from taking effect. *See Little Manila Rising v. EPA*, No. 24-6990 (9th Cir.

22 2024) at Dkt. No. 17. The Ninth Circuit denied the motion, and as a result, the EPA's final rule

23 approving the extension became effective on December 19, 2024. MTD at 13; Dkt. No. 27 at 10.

24 The current deadline for the EPA to make an attainment determination as to San Joaquin Valley is

25 now June 30, 2025. MTD at 13. The Ninth Circuit's review of the extension is pending.

26 //

27 //

28 //

### B. Legal Standards

#### i. Lack of Subject Matter Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss based on the court's lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject matter jurisdiction exists." *See Leeson v. Transam. Disability Income Plan*, 671 F.3d 969, 975, n.12 (9th Cir. 2012) (quotation omitted). The party invoking subject matter jurisdiction has the burden of establishing that such jurisdiction exists. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Article III standing requires that "a plaintiff establish a (1) legally recognized injury, (2) caused by the named defendant that is (3) capable of legal or equitable redress." *Schmier v. U.S. Court of Appeals for Ninth Circuit*, 279 F.3d 817, 820–21 (9th Cir. 2002).

#### ii. Failure to State a Claim

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of

3

1  fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir.
2  2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

### C. Discussion

Defendants move to dismiss the first claim on two main grounds. First, Defendants argue that Plaintiffs fail to state a mandatory duty claim as a matter of law because the EPA's attainment determination deadline of June 30, 2025, has not yet arrived. Mot. at 15. Second, Defendants maintain that the Court lacks jurisdiction because the claim is now moot, or in the alternative, because the claim depends on whether the EPA lawfully granted California an extension of the San Joaquin Valley attainment date, an issue only the Ninth Circuit has jurisdiction to adjudicate. *Id.* at 16–17.

Plaintiffs, on the other hand, urge the Court to stay the first claim rather than dismiss it. Dkt. No. 27 at 12–14. They argue that their first claim is viable because it alleges a violation of the deadline that was in place prior to the extension being officially granted. *Id.* at 13–14. Further, Plaintiffs assert that the EPA has not established that the claim became moot after the extension came into effect because the Ninth Circuit may vacate the extension, such that this Court eventually could grant the relief Plaintiffs seek. *Id.* at 12. They maintain that there is no jurisdictional overlap between their first claim and their Ninth Circuit petition because they do not ask this Court to determine whether the EPA unlawfully granted the extension. *Id.* at 14.

The Court agrees with Defendants and finds that dismissal without prejudice of Plaintiffs' first claim is warranted. The claim alleges that Defendants had a duty to make an attainment determination as to the San Joaquin Valley by June 30, 2024, and that they violated that duty by failing to make a determination by the deadline. *See* Compl. at 14 ("Prayer for Relief") §§ A, B. But because the EPA officially extended California's deadline by a year, the agency's attainment determination deadline is now June 30, 2025. Accordingly, Plaintiffs' mandatory duty claim entirely relies on a finding that the extension was invalid, which only the Ninth Circuit can determine. *Compare* 42 U.S.C. § 7604(a)(2) (vesting jurisdiction over citizen suits alleging the EPA administrator failed to perform a mandatory duty in the district courts) *with id.* § 7607(b)(1) (vesting jurisdiction over claims challenging the substance of an EPA final ruling that is "locally

United States District Court
Northern District of California

or regionally applicable" in the court of appeal for the appropriate circuit). As such, Plaintiffs' challenge to the EPA's alleged inaction here is "'embedded in a challenge to the validity of an implementation plan.'" *See Med. Advocs. for Healthy Air v. U.S. E.P.A.*, No. C 11-3515 SI, 2012 WL 710352, at *6 (N.D. Cal. Mar. 5, 2012) (quoting *Abramowitz v. U.S. E.P.A.*, 832 F.2d 1071, 1076 (9th Cir. 1987), *superseded on other grounds by statute as stated in Hall v. EPA*, 263 F.3d 926 (9th Cir. 2001)). Under these circumstances, "'jurisdiction lies in the circuit court reviewing the plan'" rather than the district court reviewing the agency action, as "'[t]o hold otherwise would be to create a danger that two proceedings involving essentially the same agency action could occur simultaneously.'" *Id.* This Court therefore lacks jurisdiction over Plaintiffs' first claim.

Plaintiffs counter that the claim should be stayed so that the Court can order Defendants to make the attainment determination if the Ninth Circuit invalidates the extension. Dkt. No. 26 at 3. However, Plaintiffs have not established that it will be necessary for this Court to take any action if the Ninth Circuit rules in their favor. *See* Dkt. No. 25 at 7 (acknowledgment by Defendants that if the Ninth Circuit "set[s] aside" the EPA's approval of the extension, "the Agency would be required to make an attainment determination"). If the Ninth Circuit does invalidate the extension, and the EPA nonetheless fails to make an attainment determination, Plaintiffs can bring a mandatory duty claim at that time. But currently, such a claim is not properly before this Court. *See Med. Advocs. for Healthy Air*, 2012 WL 710352, at *5 (holding that case seeking to compel EPA to make an attainment determination was moot because EPA had already issued its decision, and plaintiffs' challenge to the substance of that decision was "properly brought in the Ninth Circuit"). Accordingly, the Court **DISMISSES** Plaintiffs' first claim for relief without prejudice.

## II.   MOTION TO INTERVENE

San Joaquin Valley Unified Air Pollution Control District ("the District") moves to intervene as of right in this case, but only "with respect to the First Claim for Relief." *See* Dkt. No. 14 at 7, n.1.[1] As to Plaintiffs' remaining claim for relief, the District "takes no position." *Id.*

To intervene as of right under Federal Rule of Civil Procedure 24(a), a movant must show

---

[1] Because the District's motion only seeks intervention as of right, and does not discuss permissive intervention, the Court limits its analysis here to the first theory.

5

that:

> "(1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest."

*Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (citing *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006)). Because the Court has dismissed the single claim that is the basis for the District's motion to intervene, and the District takes no position as to the remaining claim, the Court finds that the District has not established a significant protectable interest relating to the remaining claim. Accordingly, the Court **DENIES** the motion to intervene without prejudice.

### III.   CONCLUSION

The Court **DENIES** Plaintiffs' motion to stay, Dkt. No. 16, and **GRANTS** Defendants' motion to dismiss, Dkt. No. 24. The Court **DISMISSES** without prejudice Plaintiffs' first claim for relief. The Court **DENIES** without prejudice the motion to intervene, Dkt. No. 14.

Additionally, the Court **RESETS** the case management conference currently set for March 6, 2025, at 2:00 p.m. to March 11, 2025, at 2:00 p.m. The hearing will be held by Public Zoom Webinar. All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/hsg. All attorneys and pro se litigants appearing for the case management conference are required to join at least 15 minutes before the hearing to check in with the courtroom deputy and test internet, video, and audio capabilities. The Court further **DIRECTS** the parties to submit a joint case management statement by March 4, 2025.

**IT IS SO ORDERED.**

Dated:

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge