ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
Environment & Natural Resources Division

RACHEL D. MARTINEZ
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 288-1951
Facsimile: (202) 514-8865
rachel.martinez@usdoj.gov

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| LITTLE MANILA RISING, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*, <br><br> Defendants. | Case No. 4:24-cv-7768-HSG <br><br> **CONSENT DECREE** <br><br> Hon. Haywood S. Gilliam, Jr. |

WHEREAS, on November 7, 2024, Plaintiffs Little Manila Rising, Medical Advocates for Healthy Air, and Sierra Club filed a Complaint for Injunctive and Declaratory Relief (the "Complaint") in the above-captioned matter against Defendants United States Environmental Protection Agency ("EPA" or the "Agency"), the EPA Administrator, and the EPA Regional Administrator for Region 9, alleging that Defendants failed to undertake certain nondiscretionary duties under the Clean Air Act, 42 U.S.C. § 7410(k)(2);

1        WHEREAS, On December 15, 2022, the San Joaquin Valley Unified Air Pollution
2   Control District adopted the San Joaquin Valley's "2022 Plan for the 2015 8-hour Ozone
3   Standard";
4        WHEREAS, On January 26, 2023, the California Air Resources Board ("CARB")
5   approved the "2022 Plan for the 2015 8-hour Ozone Standard" and adopted the Staff Report
6   titled "CARB Review of the San Joaquin Valley 2022 Plan for the 70 ppb 8-Hour Ozone
7   Standard" (the "CARB Staff Report");
8        WHEREAS, on February 23, 2023, CARB submitted the "2022 Plan for the 2015 8-hour
9   Ozone Standard" and CARB Staff Report (jointly, "2022 Ozone Plan") to EPA for review and
10  inclusion in the California State Implementation Plan, and the plan was deemed complete by
11  operation of law on August 23, 2023, 42 U.S.C. § 7410(k);
12       WHEREAS, EPA had one year from the date on which the 2022 Ozone Plan was deemed
13  complete, or until August 23, 2024, to approve, disapprove, partially approve/partially
14  disapprove, or conditionally approve the 2022 Ozone Plan;
15       WHEREAS, the Complaint alleges that Defendants failed to timely act on the 2022
16  Ozone Plan and requests declaratory and injunctive relief;
17       WHEREAS, EPA has committed to take action on the 2022 Ozone Plan in accordance
18  with the agreed deadline set forth below;
19       WHEREAS, the Plaintiffs and EPA ("Parties"), by entering into this Consent Decree, do
20  not waive or limit any claim or defense, on any grounds, related to any final EPA action;
21       WHEREAS, the Parties consider this Consent Decree to be an adequate and equitable
22  resolution of all of the claims in this matter;
23       WHEREAS, it is in the interest of the public, the Parties, and judicial economy to resolve
24  this matter without protracted litigation;
25       WHEREAS, the Parties agree that this Court has jurisdiction over this matter pursuant to
26  the citizen suit provision in 42 U.S.C. § 7604(a)(2) and that venue lies in this judicial district;
27       WHEREAS, the Court, by entering this Consent Decree, finds that the Consent Decree is
28  fair, reasonable, in the public interest, and consistent with the Clean Air Act;

1    NOW THEREFORE, before the taking of testimony, without trial or determination of
2 any issue of fact or law, and upon the consent of the Parties, it is hereby ordered, adjudged and
3 decreed as follows:

4    1.    This Court has subject matter jurisdiction over the claims in this action pursuant
5 to 28 U.S.C. § 1331 and 42 U.S.C. § 7604(a)(2). This Court has personal jurisdiction over the
6 Parties. The Parties may not challenge the terms of this Consent Decree on jurisdictional
7 grounds or this Court's jurisdiction to enter and enforce this Consent Decree.

8    2.    Venue is proper in this District pursuant to 42 U.S.C. § 9613(b), 28 U.S.C. §
9 1391(e) and Civil Local Rule 3-2(c), (d).

10    3.    No later than October 15, 2025, EPA shall file a status report with the Court on
11 the Agency's progress toward taking final action on the 2022 Ozone Plan.

12    4.    No later than July 17, 2026, pursuant to 42 U.S.C. §§ 7410(k)(2)-(4), the
13 appropriate EPA official shall sign one or more final rules that approve, disapprove,
14 conditionally approve, or approve in part and disapprove in part the 2022 Ozone Plan.

15    5.    Not later than 15 business days after signature of the final action under paragraph
16 4 of this Consent Decree, EPA shall send notice of the action to the Office of the Federal
17 Register for review and publication in the *Federal Register*.

18    6.    After EPA has completed the actions set forth in Paragraphs 3 and 4 of this
19 Consent Decree, after notice of the final action required by Paragraph 5 has been published in the
20 *Federal Register*, and the Parties have resolved the issue of costs of litigation (including
21 reasonable attorney fees), EPA may move to have this Consent Decree terminated. Only in the
22 event Plaintiffs assert that EPA has failed to meet its obligations under this Consent Decree may
23 Plaintiffs withhold consent to such motion. Plaintiffs shall have 14 days to respond to such
24 motion, unless the Parties stipulate to a longer time.

25    7.    If EPA extends for the public interest the notice and comment period for any rule
26 proposing action on the 2022 Ozone Plan the deadline in Paragraph 4 shall extend automatically
27 by the number of days equal to the extension of the notice and comment period.

28

8. The deadlines established by this Consent Decree may be extended (a) by written stipulation of Plaintiffs and EPA and filed with the Court, or (b) by the Court upon motion by any party for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by the non-moving party and any reply.  Any other provision of this Consent Decree also may be modified by the Court following the motion of a party for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by the non-moving party and any reply.

9. If a lapse in EPA appropriations occurs within 120 days prior to any deadline in Paragraphs 3, 4 or 5 of this Consent Decree, all such deadlines shall be extended automatically one day for each day of the lapse in appropriations.  Nothing in this Paragraph shall preclude EPA from seeking an additional extension of time through modification of this Consent Decree pursuant to Paragraph 8.

10. If CARB withdraws the 2022 Ozone Plan in its entirety, then EPA's obligation to take the actions required by Paragraphs 3, 4 and 5 is automatically terminated.  If CARB withdraws a portion of the 2022 Ozone Plan, then EPA's obligation to take the actions required by paragraphs 3, 4 and 5 on the withdrawn portion is automatically terminated, and EPA shall act on the non-withdrawn portion as required by Paragraphs 4 and 5.

11. Nothing in this Consent Decree shall be construed to limit or modify the discretion accorded EPA by the Clean Air Act and by general principles of administrative law, including the discretion to alter, amend or revise any response and/or final action contemplated by this Consent Decree.  EPA's obligation to perform each action specified in this Consent Decree does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

12. Nothing in this Consent Decree shall be construed to confer upon the district court jurisdiction to review any decision made in the final action or actions identified in Paragraph 4. Nothing in this Consent Decree shall be construed to confer upon the district court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Courts of Appeals pursuant to 42 U.S.C. §§ 7607(b)(1).  Nothing in this Consent Decree shall be construed

to waive any claims, remedies, or defenses that the parties may have under 42 U.S.C. § 7607(b)(1).

13. This Court shall retain jurisdiction to enforce the terms of this Consent Decree and to resolve any requests for costs of litigation, including attorneys' fees.

14. The deadline for filing a bill of costs pursuant to Local Rule 54-1 and a motion for costs of litigation (including attorney fees) pursuant to Local Rule 54-5 for activities performed prior to entry of the Consent Decree is hereby extended until 90 days after this Consent Decree is entered by the Court. During this period, the Parties shall seek to resolve any claim for costs of litigation (including attorney fees), and if they cannot, Plaintiffs will file a motion for costs of litigation (including attorney fees) or a stipulation or motion to extend the deadline to file such a motion. EPA reserves the right to oppose any such request and shall have at least 60 days to respond to any motion for costs of litigation (including attorney fees). Plaintiff shall have at least 30 days to file a reply in support of its motion.

15. In the event of a dispute between the Parties concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall provide the other party with a written notice outlining the nature of the dispute and requesting informal negotiations. The Parties shall meet and confer to attempt to resolve the dispute. If the Parties cannot reach an agreed-upon resolution within ten (10) business days after receipt of the notice, any party may move the Court to resolve the dispute.

16. No motion or other proceeding seeking to enforce this Consent Decree or for contempt of Court shall be considered properly filed, unless Plaintiffs have followed the procedure set forth in Paragraph 15 and provided EPA with written notice received at least ten (10) business days before the filing of such motion or proceeding.

17. Plaintiffs reserve the right to seek additional costs of litigation, including reasonable attorneys' fees, consistent with 42 U.S.C. § 7604(d), for activities to enforce this Consent Decree. EPA reserves the right to oppose any such request for additional costs of litigation.

18. The obligations imposed upon EPA under this Consent Decree may only be undertaken using appropriated funds legally available for such purposes. No provisions of this Consent Decree shall be interpreted as or constitute a commitment or requirement that EPA obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable federal law.

19. The Parties agree and acknowledge that before this Consent Decree is entered by the Court, EPA must provide notice of this Consent Decree in the *Federal Register* and an opportunity for public comment pursuant to 42 U.S.C. § 7413(g). After this Consent Decree has undergone notice and comment, the Administrator and/or the Attorney General, as appropriate, shall promptly consider any such written comments in determining whether to withdraw or withhold their consent to the Consent Decree, in accordance with 42 U.S.C. § 7413(g). If the Administrator and/or the Attorney General do not elect to withdraw or withhold their consent, EPA shall promptly file a motion that requests the Court to enter this Consent Decree.

20. Except as expressly provided herein, nothing in this Consent Decree shall be construed as an admission of any issue of fact or law, nor to waive or limit any claim, remedy, or defense, on any grounds, related to any final action EPA takes with respect to the actions addressed in this Consent Decree.

21. Any notices required or provided for by this Consent Decree shall be made in writing, via electronic mail, facsimile, and/or other means, and sent to the following (or any new address of counsel as filed and listed in the docket of the above-captioned matter, at a future date):

For Plaintiffs:

> Brent J. Newell
> Law Office of Brent J. Newell
> 245 Kentucky Street, Suite A4
> Petaluma, California  94952
> Telephone: (661) 586-3724
> Email: brentjnewell@outlook.com

For Defendants:

                        Chief, Environmental Defense Section
                        U.S. Department of Justice
                        P.O. Box 7611
                        Washington, DC  20044-7611
                        Telephone: (202) 288-1951
                        Facsimile:  (202) 514-8865
                        Email:  rachel.martinez@usdoj.gov
                        Reference:  DJ# 90-5-1-4-22854

                        Yasmín Pérez Ortiz
                        Office of General Counsel
                        U.S. Environmental Protection Agency
                        William J. Clinton Federal Building, MC 2344A
                        1200 Pennsylvania Ave., N.W.
                        Washington, DC 20460
                        Telephone: (202) 564-1077
                        Facsimile: (202) 564-5603
                        Email: perez-ortiz.yasmin@epa.gov

                        Jefferson Wehling
                        Office of Regional Counsel
                        U.S. Environmental Protection Agency, Region 9
                        75 Hawthorne Street, 12th Floor
                        San Francisco, CA  94105
                        Phone: (415) 972-3901
                        Facsimile: (415) 947-4570
                        Email: wehling.jefferson@epa.gov

22.    If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of either party and the terms of the proposed Consent Decree may not be used as evidence in any litigation between the Parties.

23.    Plaintiffs and EPA agree that this Consent Decree constitutes a complete settlement of all claims in this case.

24.    It is hereby expressly understood and agreed that this Consent Decree was jointly drafted by Plaintiffs and EPA.  Accordingly, the Parties hereby agree that any and all rules of construction providing that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

25. The undersigned representatives of each party certify that they are fully authorized by the party that they represent to consent to the entry of the terms and conditions of this Consent Decree.

**IT IS SO ORDERED.**

Dated: 9/17/2025

HON. HAYWOOD S. GILLIAM, JR.
UNITED STATES DISTRICT JUDGE